■ In the Matter of ABDEL-JABBAR MALIK, Appellant, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Shea, J.), entered June 9, 1986 in Washington County, which dismissed petitioner's application,

in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating a prison disciplinary rule.

On November 29, 1985, petitioner was transferred to Great Meadow Correctional Facility, where he was assigned to the special housing unit to complete a disciplinary sentence imposed at another facility for the violation of certain inmate behavior rules. That same day, petitioner was charged with violating disciplinary rule 102.10 (threats). Following a hearing, petitioner was found guilty and a penalty was imposed including 120 days' loss of participation in the inmate telephone call-home program. This CPLR article 78 proceeding was commenced to challenge respondents' authority to deprive petitioner of his telephone privileges. Supreme Court ultimately dismissed the petition and this appeal ensued. We affirm.

As Supreme Court aptly recognized, participation in the call-home program is a privilege, not a right (see, Matter of Mary of Oakknoll v Coughlin, 101 AD2d 931, 932). There is no constitutional right of participation in this program (see, Cooper v Morin, 91 Misc 2d 302, 334, mod 64 AD2d 130, mod 49 NY2d 69, cert denied 446 US 984). Having found petitioner guilty as charged, the Hearing Officer was authorized to impose as a penalty the "loss of one or more specified privileges for a specified period" (7 NYCRR 254.7 [a] [2]). While the governing regulation restricts the loss of correspondence or visitation privileges to violations in kind (id.), no such restriction pertains to participation in the call-home program. Respondents acted within their authority by imposing the challenged penalty and, as such, the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.